IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY A. DENNIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:19-cv-00652 ) |
| SHERIFF FRANKIE GRAY, et al., | ) JUDGE CAMPBELL ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Gregory Dennis, a resident of Dover, Tennessee, and former inmate at the Stewart County Detention Center, filed this pro se civil rights action under 42 U.S.C.§ 1983 against Sheriff Frankie Gray, Jail Administrator Kenny Anderson, Sergeant Scallion, Lieutenant Taylor, Officer Webster, and Deputy Jacob Etherton. (Doc. No. 1). Plaintiff also filed an application to proceed in this Court without prepaying fees or costs (Doc. No. 8) and a motion for medical records (Doc. No. 3).

**I. APPLICATION TO PROCEED AS A PAUPER**

The Court may authorize a person to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). It appears from Plaintiff's in forma pauperis application that he cannot afford to pay the $400.00 filing fee in advance. Accordingly, his application (Doc. No. 8) is **GRANTED**.

**II. INITIAL REVIEW**

The Court must review and dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2). The Court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely

without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

**A.     Factual Allegations**

On the morning of July 19, 2019, Plaintiff alleges, he was sitting at a table in the pod when there was an incident with another inmate who was Plaintiff's nephew. (Doc. No. 1 at 4). Plaintiff's nephew was upset because someone told him that his "wife was out at some point with another man." (*Id.*). Plaintiff stated the he "was not trying to be part of the problems . . . between his wife and him." (*Id.* at 4–5). Plaintiff alleges that a fight ensued, although he does not describe the fight in any detail. (*Id.* at 5). Plaintiff allegedly suffered a cut on the side of his head and lost some of his teeth, and he was not taken to the hospital. (*Id.*).

Plaintiff alleges that this altercation was video recorded, and that the recording was released to the public and on Facebook. (*Id.* at 3–5). Plaintiff alleges that the video started going "viral" and "a lot" of people watched it, although the total number of viewers is "unknown." (*Id.* at 5). According to Plaintiff, his family called the Sheriff after the video was released, and the Sheriff said he "don't care if [Plaintiff] hire[s] 10 lawyers its not going to help." (*Id.* at 6).

**B.     Standard of Review**

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal

conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

1. <u>Dismissal of Official-Capacity Claims</u>

Plaintiff brings this action against the Defendants in both their individual and official capacities, and alleges that all of the Defendants are employees of Stewart County. (Doc. No. 1 at 1–3). "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, Defendant's official-capacity claims are essentially claims against Stewart County. And municipal entities like Stewart County may be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a claim against Stewart County, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92). Here, Plaintiff does not allege that any of the asserted constitutional violations were caused by a policy or custom of Stewart County.

3

Plaintiff, therefore, fails to state a claim against Stewart County, and his official-capacity claims will be dismissed.

    2. Dismissal of Individual-Capacity Claims

Plaintiff names six jail officials as Defendants, but the only particular Defendant he references in the body of the complaint is Sheriff Frankie Gray. That is, Plaintiff does not make any specific allegations pertaining to Jail Administrator Kenny Anderson, Sergeant Scallion, Lieutenant Taylor, Officer Webster, or Deputy Jacob Etherton. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Even under the liberal construction afforded to pro se plaintiffs, the Court "is not required to accept non-specific factual allegations and inferences," and a plaintiff "must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citations omitted) (affirming dismissal of a pro se prisoner's complaint for failure to state a claim where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). Accordingly, Plaintiff fails to state a claim against Defendants Anderson, Scallion, Taylor, Webster, and Etherton.

To recap the background of Plaintiff's allegation against Sheriff Gray, Plaintiff was allegedly involved in a fight with another inmate on July 19, 2019. Plaintiff alleges that this fight was recorded and then posted on Facebook, where "a lot" of people watched it. Plaintiff's only specific allegation against Sheriff Gray is that his family called Gray after the video was uploaded, and Gray said he "don't care if [Plaintiff] hire[s] 10 lawyers its not going to help."

"Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, a claim against a supervisor official "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 803 (quoting *Combs*, 315 F.3d at 558).

Here, Plaintiff's allegations against Sheriff Gray do not reflect the type of "direct participation" necessary for liability under Section 1983. He does not allege that Gray "authorized, approved, or knowingly acquiesced" the alleged misconduct regarding the video tape in any way. At most, Plaintiff's allegations reflect that Sheriff Gray failed to respond to his family's complaints about the matter in a satisfactory manner. But the "failure to act upon . . . a grievance is insufficient to establish liability under [Section] 1983." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (citing *Shehee*, 199 F.3d at 300). For this reason, Plaintiff also fails to state a claim against Defendant Gray.

### III. CONCLUSION

Plaintiff may have sincere concerns about the matters he raised, but the question before the Court is whether the complaint states a claim on which relief may be granted under Section 1983. And for the reasons stated above, the Court concludes that it does not. Accordingly, this action is **DISMISSED**, and Plaintiff's motion for medical records (Doc. No. 3) is **DENIED** as moot.

For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith, and therefore will not grant Plaintiff leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE